REDMANN, Judge.
Does the erection of a building above a “servitude of driveway” violate the servitude? We answer that it does not, if it leaves sufficient clearance for the passage of the vehicles intended by the servitude. We therefore affirm the declaratory judgment appealed from by plaintiff.
Defendant’s lot fronts on Veterans highway and plaintiff’s lot abuts its rear, fronting on Quincy street. Prior owners created a 15-foot servitude along one side of both properties for a driveway between Veterans and Quincy.
Plaintiff’s complaint about defendant’s building nine feet above the surface of the servitude is not that the driveway will be less passable. When he first saw the plans “the first thing I noticed was the fact of the view from Veterans Highway . . .” “I think it’s a visual problem of getting to my property, ... it does not really look like an access to my property. . [F]rom a visual standpoint I feel that it would be a detriment . . . .”
Plaintiff asks too much of a servitude of passage. The servient estate is bound by such a servitude only to suffer the passage of the contemplated vehicles. The servitude of passage of course includes the right to prevent buildings which interfere with the agreed-upon passage, Hymel v. St. John the Baptist P. Sch. Bd., La.App. 4 Cir. 1974, 303 So.2d 588, writ denied 307 So.2d 370. But the servitude of passage does not include a servitude of view, La.C.C. 701 (as amended, Acts 1977 No. 514[1]) which alone “includes the right to prevent the raising of constructions on the servient estate that would obstruct'the view.” Plaintiff’s servitude gives him the right, for himself and others whom he invites to his lot, to drive automobile or truck across defendant’s land. But it does not give him the right to have his building visible from Veterans highway; it does not give him the right of view with the right to prevent buildings that interfere with the view to and from his property.
Nor does the clearance of only nine feet infringe on the servitude of passage. It will prevent taller trucks from passing, but at the time of the original grant of servitude and for years thereafter a substantial canopy existed, only 8'3" high. The servitude evidently intended no right in plaintiff to require demolition of that canopy and therefore gave no right of passage for vehicles over 8'3" tall. On this basis we distinguish Kaffie v. Pioneer Bank & Tr. Co., La.App. 2 Cir. 1966, 184 So.2d 595.
Similarly, despite the servitude’s express grant of 15 feet (“as will more fully be seen” on an attached survey), the supporting wall along the side property line does not infringe on the servitude. The canopy’s foundation towards that side line was 3.38 feet from the line, according to the servitude’s survey, and the servitude did not prevent the canopy’s foundation. Nor does it prevent the less-infringing side wall now proposed.
Defendant would violate the servitude, however, by parking automobiles along the length of the servitude, effectively taking away from the servitude the seven foot strip along the property line. The former canopied passage was 13 feet in width. The new driveway would be 17 feet wide, but to *134 use seven feet for parking would reduce it to ten feet. Defendant may not thus reduce the width of the servitude; C.C. 748 (formerly 777); see Hymel, above.
The judgment appealed from is therefore amended to add the declaration that defendant may not use any part of the servitude for parking of vehicles that would reduce its usable width to less than 13 feet. Costs to be divided equally..

. Former art. 716 (1870) contained similar language.